IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

JUAN PICOUTO,

        Plaintiff,                               CV-08-807-ST

       v.                                        ORDER

WESTERN STAR TRUCK PLANT PORTLAND
LLC, a Delaware corporation, qualified to do
business in Oregon; and f.k.a. FREIGHTLINER
OF PORTLAND LLC, a Delaware corporation,
qualified to do business in Oregon,

                Defendant.

STEWART, Magistrate Judge:

In its Reply filed in support of its Motion for Summary Judgment, defendant objects to and moves to strike certain evidence offered by plaintiff in his Response. Pursuant to Local Rule 56-1(g), such evidentiary objections are properly asserted in the reply memorandum without filing a separate motion to strike. As set forth below, those objections are GRANTED in part

1 - ORDER

and DENIED in part.

In footnote 14 on page 35, defendant first objects to portions of the declarations submitted by Valda McCauley, Nathan Robinson, Tom Hunyh, and Orlando Carattini, all of whom were plaintiff's coworkers.  First, defendant objects under FRE 401-04 to portions of the testimony in the four declarations as irrelevant to the extent they do not relate to plaintiff and/or involve employees other than plaintiff or his alleged harasser, George Monken, and/or their probative value is significantly outweighed by the danger of unfair prejudice and/or are inadmissible character evidence.  This testimony concerns the witnesses' observations of conduct by Mike McQuilkin and Thad Liday towards plaintiff (McCauley Decl., ¶ 5, second sentence, & ¶ 16, first three sentences; Robinson Decl., ¶ 6; Hunyh Decl., ¶¶ 4-8; Carattini Decl., ¶¶ 4-5).  Although plaintiff does not accuse either of them of any discriminatory or retaliatory conduct, he does allege a hostile work environment premised in part on their participatory conduct.  Thus, this testimony has some relevancy.  The other portions of the declarations to which defendant objects describe personal observations by these witnesses of conduct and comments by Monken and plaintiff, of complaints by black and female employees about Monken, of the fact that most of the managers and supervisors were white males, of non-receipt of any policy concerning cross-training, and of plaintiff's physical difficulty working in the Pit.  None of this testimony is unfairly prejudicial or inadmissible character evidence.  Therefore, defendant's objections are denied to those portions of the declarations.

Second, defendant objects under FRE 602 and 701 to portions of the testimony as inadmissible speculation and lacking sufficient personal knowledge about the subject matter.  However, all of this testimony is based on personal observations by these witnesses of what they personally saw and heard and sets forth their permissible lay witness impressions or perceptions

2 - ORDER

based on those observations.  Therefore, these objections are denied.

Third, defendant objects under FRE 801 and 802 to some of the witness statements as based on inadmissible hearsay.  However, the testimony by McCauley, Robinson, and Carattini as to complaints to them by plaintiff concerning Monken's conduct is admissible, if for no other reason, than to prove plaintiff's state of mind and reaction to his perceived situation.  Therefore, these objections are denied.

In footnote 11 on page 31, defendant also objects to declaration of Mary D'Autremont, a certified rehabilitation counselor.  First, defendant contends that plaintiff failed to disclose his intent to use D'Autremont as an expert and blocked defendant's efforts to obtain expert discovery prior to the close of discovery.  Bouman Supp Decl ¶¶ 7-10, Exs. O, P, Q.  However, the court's scheduling order (docket # 17) does not require the exchange of expert disclosure reports until "60 days after a final ruling on dispositive motions."  Plaintiff is not required to disclose his experts before that date.  Although defendant's Interrogatory No. 10 asked plaintiff to identify the names of experts he intends to use, plaintiff made a valid objection and declined to answer.  By not filing a motion to compel an answer, defendant is not in a position now to complain about plaintiff's nondisclosure.

Next, defendant contends that D'Autremont's testimony is improper expert witness testimony under FRE 702.  Specifically, defendant contends that her opinions are: (1) not based on sufficient facts or data; (2) not the product of reliable methods; and (3) do not apply the principles or methods reliably to the facts of this case because she did not know the facts. However, D'Autremont lists in detail her qualifications and the factual information she used to form her opinions, including plaintiff's medical records and workers' compensation files, as well as defendant's Physical Capacities Evaluation of plaintiff.  In addition, she toured defendant's

3 - ORDER

plant in order to observe plaintiff's working conditions.  Thus, her opinion is sufficiently supported to be admissible.

Finally, defendant asserts that D'Autremont does not have sufficient personal knowledge regarding the relevant facts of the case, rendering her opinion irrelevant and unable to aid the court in its determination, citing FRE 401, 402, 403, 602, 701.  Based on the records reviewed by D'Autremont and her own investigation, this court disagrees.  Defendant's objections go to the weight, not the admissibility, of the testimony.  Therefore, D'Autremont's declaration is admissible.

In his Response to defendant's evidentiary objections, plaintiff makes his own objection to new evidence submitted by defendant with its Reply.  However, this evidence properly responds to new evidence submitted by plaintiff in his response to the summary judgment motion.  If plaintiff felt that he needed to submit additional evidence in response, then he should have requested that opportunity.

Plaintiff also objects under FRE 401-02 to the declaration of Chris Hurt concerning plaintiff's discipline for moving his car on July 19, 2005, as irrelevant.  However, this testimony is quite relevant to explain the facts surrounding this disputed incident and to respond to plaintiff's accusation the he was unfairly disciplined.  Plaintiff also contends that this declaration is replete with inadmissible hearsay.  However, this hearsay is admissible to show Hurt's state of mind as to why he did what he did.

Finally, plaintiff objects under FRE 401-02 to portions of the Supplemental Declaration of Jennifer Bouman as irrelevant and lacking probative value.  This court agrees that paragraphs 2-5, 11, and 12 and attached Exhibits L, M, R and T concerning plaintiff's request for accommodation from Portland Community College to accommodate his learning disability in the

4 - ORDER

Diesel Service Technology program, as well as the course descriptions and curriculum, have nothing to do with the issues presented in the summary judgment motion and, therefore, are stricken.  Similarly, paragraph 6 and attached Exhibit N concerning plaintiff's personal injury lawsuit arising from a 2007 car accident  and paragraphs 7-8 and Exhibits O and P concerning communications concerning Dr. Hungerford's deposition are irrelevant and stricken.

DATED this 27th day of May, 2010.

\_\_/s/ Janice M. Stewart _____
Janice M. Stewart
United States Magistrate Judge